## CIRCUIT COURT OF LOUDOUN COUNTY

Frank H. Koplets
and Joyce M. Koplets

v.

Teresa L. Cline (Koplets)

v.

Frank T. Koplets

February 14, 1994

Case No. (Law) 14357

BY JUDGE JAMES H. CHAMBLIN

After consideration of the evidence and argument of counsel at the bench trial on February 2, 1994, judgment is granted in favor of the Defendant, Teresa L. Cline (formerly Teresa L. Koplets) ("Teresa") on the warrant in debt filed by the Plaintiffs, Frank H. Koplets and Joyce M. Koplets. Further, judgment is granted in favor of the third-party Defendant, Frank T. Koplets ("Frank") on Teresa's third-party motion for judgment, and judgment is granted in favor of Teresa on Frank's Cross-Claim against her.

### Findings of Fact

Teresa was born on December 8, 1971. On September 10, 1988, she married Frank, who is the son of the Plaintiffs. After their marriage, Frank and Teresa lived in an apartment. Teresa graduated from high school in June, 1989.

In the summer of 1989, the Plaintiffs asked Teresa and Frank to look at a townhouse as a possible new home for them. They all looked at the house. Although Teresa felt that she and Frank could not afford the

townhouse, she went along with Frank's desire to purchase it because he was the only one of the two of them who was working.

A daughter was born to Teresa and Frank on September 11, 1989.

Settlement on the townhouse took place on October 11, 1989. The purchase price was $107,000.00 with a first deed of trust of a little over $100,000.00. Present at settlement were the Plaintiffs, Frank, Teresa, and their infant daughter. All parties were well aware that Teresa was under the age of eighteen when she signed the papers at settlement.

The townhouse was conveyed to the Plaintiffs, Frank and Teresa. All four signed the first deed of trust and note. As Teresa was signing the settlement documents, she was presented with the "Demand Note" (Plaintiff's Exhibit 1) (copy attached). When she asked about it, she was told by the Plaintiffs and the settlement attorney that if she and Frank were divorced, then the townhouse would be sold and the Plaintiffs would receive back $10,000.00 which they had paid for the down payment and closing costs on the townhouse.

After settlement, Teresa, Frank, and their infant daughter lived in the townhouse. On December 8, 1989, Teresa attained the age of eighteen.

Teresa separated from Frank in February, 1990, when she left the townhouse. She returned to live with Frank in October, 1990, but she left again in March, 1991, permanently.

Teresa and Frank were divorced in 1992. Frank still lives, and has always lived, in the townhouse. Teresa has never made any of the mortgage payments.

During both separations, Teresa made it clear to Frank that she wanted nothing out of the townhouse and that she would convey her interest in it to him.

Teresa has never conveyed her interest in the townhouse, and she has never contacted the Plaintiffs directly to disaffirm the note.

In January, 1993, the Plaintiffs filed a warrant in debt in the Loudoun County General District Court against Teresa only seeking judgment on the $10,000.00 demand note. This represented the first demand for payment on the note. In March, 1993, Teresa by counsel petitioned for removal of the case to this Court. The Affidavit of Substantial Defense asserts the defense of infancy. The case was removed to this Court on March 8, 1993.

No payments have ever been made on the note.

## Conclusions of Law

The Plaintiffs concede that Teresa was an infant when she executed the note, but they argue that the note represents a contract for necessaries, specifically lodging, and that Teresa did not disavow the note within a reasonable time after she attained the age of eighteen on December 8, 1989, and that she ratified the Note.

I am of the opinion that the necessaries exception does not apply for two reasons. First, the Plaintiffs did not provide Teresa with necessaries, such as lodging, but with money. This is a suit on a Note. It is not a suit to recover the purchase price for a house used as lodging for Teresa. Second, even if the Note were considered a contract for necessaries, Teresa is not bound on the Note, but on an implied contract to pay the reasonable value of the necessaries. The Plaintiffs offered no evidence of the reasonable value of the lodging actually made available to Teresa as a result of the money advanced by the Plaintiffs under the Note. Teresa did not acquire the full interest in the townhouse, and she did not live there all the time after it was acquired. Therefore, evidence of the value of the townhouse cannot be used to show the reasonable value of the lodging she received.

Under all the circumstances, at the latest, Teresa disaffirmed the Note when her counsel filed the Affidavit of Substantial Defense in early March, 1993, and that such disaffirmance was made within a reasonable time. Although Teresa may have recognized that the Note represented an obligation to repay Frank's parents for the down payment and closing costs, she was told at settlement by the Plaintiffs and the settlement attorney that its purpose was to assure that if she and Frank were ever divorced, then the townhouse would be sold and the Plaintiffs would be paid their $10,000.00. She could have reasonably believed, therefore, that she would never be called upon to pay the Note because the Plaintiffs would get their money out of a sale of the property.

The Note is a demand Note. Teresa had no obligation to pay until demand was made. Demand was not made until late January, 1993. In early March, 1993, she disaffirmed the Note.

The Plaintiffs were well aware that Teresa was an infant when she signed the Note. Also, they are charged with knowledge that an infant can disaffirm a contract after attaining the age of majority. The public policy of Virginia is not to place a spouse in a position of having to take an action to preserve his or her rights if it disrupts the marriage

unless it is absolutely necessary to do so. Frank is obligated on the Note. Therefore, if, as the Plaintiffs argue Teresa should have done, she had disaffirmed the contract shortly after she became eighteen while she was still cohabiting with Frank, then it would have had a disruptive effect on their marriage. If it is argued that she should have disaffirmed the Note when she separated and was eventually divorced from Frank, the Plaintiffs still had not demanded payment. Furthermore, the purpose of the Note was not to lend money to Teresa and Frank to do with as they pleased but to help them invest in property in which the Plaintiffs acquired, and still have, an interest.

There was no evidence that the parties to the Note intended that the Plaintiffs would be able to demand payment of the Note whenever they desired regardless of whether the townhouse had been sold. The parties to the Note are not strangers. I feel that the arrangement was an investment for the Plaintiffs who desired merely to be paid when the property was sold. That can still occur because Frank is obligated on the Note. The Plaintiffs have not been prejudiced or injured by Teresa's delay in disaffirming the Note. Frank has continued to live in the townhouse, and they still have their interests in the townhouse.

Although I am somewhat perplexed by the ratification argument of the Plaintiffs and exactly what it means, I am not persuaded that this is a case of ratification. If ratification means that the infant continues to receive the benefit of the contract after attaining the age of majority, then giving the infant a reasonable time to disaffirm the contract would be meaningless. If it means that the infant has done something affirmatively after attaining the age of majority to show that he or she should be bound by the contract, then it has no application here because no evidence was presented that Teresa did anything after attaining the age of majority that she had not done before, i.e., she lived in the townhouse before and after she attained age eighteen.

Judgment is granted in favor of Frank on the third-party motion for judgment for contribution filed by Teresa because she is found not to be liable on the Note. Judgment is granted to Teresa on Frank's Cross-Claim for contribution because he was not sued on the Note and he has not paid anything on the Note.